## CERTIFICATE AND SEAL OF SEVIER COUNTY CIRCUIT COURT

## SEVIERVILLE, TENNESSEE

STATE OF TENNESSEE
COUNTY OF SEVIER

I, Rita D. Ellison, Clerk of the Circuit Court for Sevier County, Tennessee, do hereby certify that the foregoing is a true and exact copy of the following:

*Entire File. - 47 Pages*

filed in the Sevier County Circuit Court and bearing the docket number of:

*21-CV-375-II*

and in which the style of the case is:

*Debra Horton* vs. *Ripley Entertainment Inc.*

as the same remains of record in said court.

In testimony whereof, I hereunto subscribe my name and affix the seal of said court at the office in Sevierville, Tennessee, on this the __*5th*__ day of *October*, 20 *21*.

Rita D. Ellison
Circuit Court Clerk

By: *Dorothy Baker*
    Deputy Clerk

STATE OF TENNESSEE, COUNTY OF SEVIER
I, Rita D. Ellison, Circuit Court Clerk
Certify this to be an exact copy of *Entire File*
of Case # as appears of record in my office
*21-CV-375-II*
attest this __5__ day of *October*, 20 *21*
*Dorothy Baker, D.C.*
Rita D. Ellison
Circuit Court Clerk

Sevier County Circuit Court
125 Court Avenue, Room 204E
Sevierville, TN 37862

# IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

| | |
|---|---|
| **DEBRA HORTON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) No.: _21-CV-375-II_ |
| | ) |
| **RIPLEY ENTERNAINMENT INC.** | ) |
| **and FIVE OAKS DEVELOPMENT GROUP, INC.** | ) |
| | ) |
| **Defendants** | ) |

*SCANNED*

## COMPLAINT

Comes the Plaintiff, by and through counsel, and for cause of action against the Defendants would show as follows:

## PARTIES

1.     Plaintiff Debra Horton brings this lawsuit to recover damages on account of injuries suffered by Plaintiff on June 25, 2020, arising from her falling as a result of a faulty stairwell at Ripley's Old MacDonald's Farm Mini Golf.

2.     Plaintiff alleges herein that negligent and tortious actions and omissions by the Defendants and their respective agents, employees and/or representatives, proximately caused the injuries that are the subject of this lawsuit.

3.     Plaintiff is a citizens and residents of Orange, Texas.

4.     Defendant Ripley Entertainment Inc., is a Delaware based entertainment holding company owned by the Jim Pattison Group of Vancouver, British Columbia.  Upon information and belief, Defendant Ripley Entertainment, Inc., owns and operates the Ripley's Old MacDonald's Farm Mini Golf.  Ripley Entertainment, Inc., may be served with process on its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

5.     Landowner, Five Oaks Development Group, Inc., is a Tennessee For-Profit Corporation, with a principal address at 1629 Parkway, Sevierville, Tennessee 37862. Defendant Five Oaks Development Group, Inc., may be served with process upon its registered agent, Tyler C. Huskey, at 2540 Sand Pike Blvd., Ste. 2, Pigeon Forge, Tennessee 37863. Upon information and belief, Defendant Five Oaks Development Group, Inc., is the landowner and landlord for Ripley's Old MacDonald's Farm Mini Golf.

6.     At all times relevant hereto, Defendants owned, managed and controlled the Ripley's Old MacDonald's Farm Mini Golf at 1639 Parkway, Sevierville, Tennessee 37862, which it operated as a miniature golf attraction.

7.     At all times relevant hereto, Defendants had a responsibility and duty to the Plaintiff, who was an invitee of the property, to maintain the property so that it would be safe to the Plaintiff.

## JURSIDICTION AND VENUE

8.     Venue is proper in this Court as the negligence and injuries occurred in Sevier County, Tennessee.

9.     The Defendants are subject to the jurisdiction of this Court.

## FACTS

10.     On June 25, 2020, Plaintiff was patronizing Ripley's Old MacDonald's Farm Mini Golf while on vacation in Sevier County, Tennessee.

11.     In order to walk from one miniature golf hole to the next, the course directed patrons to walk through areas with multiple stairs that did not have appropriate railings.

12.     On June 25, 2020, Plaintiff was walking on this stairwell from one miniature golf hole to the next when she fell.

2

13.     The Plaintiff fell as a result of the stairwell being defective by not having proper railings in order to assure safe footing on the stairwell.

14.     At all relevant times, the employees of the Defendants did not assure that the stairwell was free from dangers and complaint with local ordinances.

15.     At all relevant times, the Defendants did not properly monitor the flooring to assure that they did not present any unreasonable risk of harm.

16.     At all relevant times, Defendants failed to discover and/or remedy the stairway which presented an unreasonable fall risk to patrons.

17.     At all relevant times, Defendants failed to utilize any slip-resistant materials to minimalize risk of slipping on the flooring at issue.

18.     At all relevant times, Defendants failed to utilize alternative entrances/paths that did not pose a risk of harm to the Plaintiff and others.

19.     On June 25, 2020, Plaintiff's fall caused her severe damage to her left and right wrists, among other injuries.

20.     On June 25, 2020, the above-stated condition of the stairwell caused the fall and subsequent injury of Plaintiff.

21.     On June 25, 2020, the above-stated condition of the stairwell was caused by the negligence of the Defendants.

22.     At all relevant times, the Defendants knew or should have known that the stairwell which lacked appropriate railings presented an unreasonable risk of injury to patrons.

## COUNT I - NEGLIGENCE

23.     The Plaintiff hereby incorporates and adopts all of the above pursuant to Tennessee Rule of Civil Procedure 10.04.

3

24.    Defendants and/or their agents/employees negligently:

a.    Failed to maintain the stairway in a reasonably safe condition;

b.    Allowed a defective and dangerous condition to exist in the stairwell when the Defendants and/or their agents/employees knew, or in the exercise of reasonable care should have known, directing patrons to walk on a concrete stairwell without slip resistant materials or a rail created an unreasonable risk of harm to those walking on the flooring;

c.    Failed to remedy the dangerous condition in the stairway;

d.    Failed to adequately warn patrons of the dangerous condition of the stairway;

e.    Failed to use an alternative path that did not pose such a risk to patrons;

f.    Failed to otherwise exercise due care with respect to the matters alleged in this complaint; and

g.    Failed to remedy the dangerous and defective condition of which it had constructive and/or actual knowledge.

25.    As a direct and proximate result of the Defendants' negligence, Plaintiff suffered significant and serious personal injuries.


## COUNT II – NEGLIGENCE *PER SE*

26.    The Plaintiff hereby incorporates and adopts all of the above pursuant to Tennessee Rule of Civil Procedure 10.04.

27.    Defendants' actions, as set forth above, violate Sevierville Code Ordinance 12-101, which has adopted the International Building Code of 2012 for commercial buildings. International Building Code 1009.15 which provides that stairs shall have handrails on each side

4

as set forth in International Building Code 1012, and the Defendants failed to follow the IBC while allowing customers on its premises.

## DAMAGES

28.     As a result of Plaintiff's injuries, she has sought medical treatment and care and has incurred substantial medical expenses and other expenses related to her injuries as a result. Plaintiff has suffered loss of enjoyment of life, loss of wages, and pain and suffering as a result of the Defendant's negligence. She has also endured, and will continue to suffer in the future, pain and suffering, loss of capacity for the enjoyment of life, medical expenses, and permanent impairments and disabilities.

29.     The Plaintiff is entitled to receive damages from the Defendant for all damages described herein and all other damages allowed under Tennessee law.

WHEREFORE, Plaintiffs pray for the following relief:

1.     A judgment for compensatory damages against Defendants, jointly and severally, for a fair and reasonable sum to be determined by a jury in an amount not to exceed $400,000.00;

2.     An award of all discretionary and court costs;

3.     Such other relief as shall be deemed reasonable, just, and necessary.

Respectfully submitted this 15ʰ day of June, 2021,

**DEBRA HORTON**

BRYCE W. MCKENZIE, BPR No. 027415
Delius & McKenzie, PLLC
*Attorney for Plaintiffs*
124 Court Avenue, 2nd Floor
Sevierville, Tennessee 37862
Phone: (865) 428-8780
Fax:    (865) 428-5254
Email: bryce@deliusmckenzie.com

5

# COST BOND

We, the undersigned, pursuant to T.C.A. § 20-12-125, acknowledge ourselves as sureties for amounts required by law or included in the clerk's bill of costs in this cause.

_____
Bryce W. McKenzie, Attorney

6

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE
# SUMMONS

**DEBRA HORTON**          )
                          )
    *Plaintiff,*          )
                          )
**v.**                    )   No: 21-CV-395-II
                          )   **JURY DEMAND**
**RIPLEY ENTERTAINMENT INC.**          )
**and FIVE OAKS DEVELOPMENT GROUP, INC.**          )
                          )
    *Defendants.*          )

*Taken by Atty.*

To:   **FIVE OAKS DEVELOPMENT GROUP, INC.**
     **c/o Tyler C. Huskey, Esq.**
     **2540 Sand Pike Blvd., Ste. 2**
     **Pigeon Forge, TN 37863**

      You are hereby summoned and required to serve upon BRYCE W. MCKENZIE, Plaintiffs' attorney, whose address is 124 Court Avenue, Sevierville, Tennessee 37862, phone (865) 428-8780, an answer to the complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. A copy of the Answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.

      Issued and tested this *15* day of *June*, 2021.

                   *Rita Ellison*
                   **COURT CLERK**

                   *Dorothy Baker*
                   **DEPUTY CLERK**

# NOTICE

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

## SERVICE INFORMATION

**To the process server:  FIVE OAKS DEVELOPMENT GROUP, INC.**

may be served at:

**Tyler C. Huskey, Esq.**
**2540 Sand Pike Blvd., Ste. 2**
**Pigeon Forge, TN  37863**

# RETURN

I received this summons on the _____ day of _____, 2021.

I hereby certify and return that on the _____ day of _____, 2021,

I _____:

[ ] served this summons and a complaint on **Five Oaks Development Group, Inc.**, in the following manner:

_____

_____.

[ ] failed to serve this summons within 90 days after its issuance because: _____

_____.


_____
**PROCESS SERVER**

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE
# SUMMONS

**DEBRA HORTON**          )

     *Plaintiff,*        )

                  )

**v.**                  )   No: *21-CV-375-II*

                  )   **JURY DEMAND**

                  )

**RIPLEY ENTERTAINMENT INC.**  )

**and FIVE OAKS DEVELOPMENT GROUP, INC.**  )

                  )

     *Defendants.*      )

COPY

To:   **RIPLEY ENTERTAINMENT INC.**

     c/o Registered Agent CT Corporation System

     **300 Montvue Road**

     **Knoxville, TN  37919-5546**

*Taken by Atty.*

    You are hereby summoned and required to serve upon BRYCE W. MCKENZIE, Plaintiffs' attorney, whose address is 124 Court Avenue, Sevierville, Tennessee 37862, phone (865) 428-8780, an answer to the complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. A copy of the Answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.

    Issued and tested this *15* day of *June*_____, 2021.

                               *Rita Ellison*

                               **COURT CLERK**

                             *Dorothy Baker*

                             **DEPUTY CLERK**

# NOTICE

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

## SERVICE INFORMATION

**To the process server: RIPLEY ENTERTAINMENT INC.**

may be served at:

**Registered Agent CT Corporation System**
**300 Montvue Road**
**Sevierville, TN 37864**

# **RETURN**

I received this summons on the _____ day of _____, 2021.

I hereby certify and return that on the _____ day of _____, 2021,

I _____:

[ ] served this summons and a complaint on **RIPLEY ENTERTAINMENT INC., Registered Agent CT Corporation System**, in the following manner:

_____

_____.

[ ] failed to serve this summons within 90 days after its issuance because: _____

_____.

_____
**PROCESS SERVER**

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE
# SUMMONS

| | | |
|---|---|---|
| **DEBRA HORTON** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | No: 21-CV-375-II |
| | ) | **JURY DEMAND** |
| **RIPLEY ENTERTAINMENT INC.** | ) | |
| **and FIVE OAKS DEVELOPMENT GROUP, INC.** | ) | |
| | ) | |
| *Defendants.* | ) | |

To:  **FIVE OAKS DEVELOPMENT GROUP, INC.**
     **c/o Tyler C. Huskey, Esq.**
     **2540 Sand Pike Blvd., Ste. 2**
     **Pigeon Forge, TN 37863**

You are hereby summoned and required to serve upon BRYCE W. MCKENZIE, Plaintiffs' attorney, whose address is 124 Court Avenue, Sevierville, Tennessee 37862, <u>phone (865) 428-8780</u>, an answer to the complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. A copy of the Answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.

Issued and tested this _15_ day of ___June,___ , 2021.

_Rita Ellison_
**COURT CLERK**

_Dorothy Baker_
**DEPUTY CLERK**

# NOTICE

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

## SERVICE INFORMATION

**To the process server:   FIVE OAKS DEVELOPMENT GROUP, INC.**

may be served at:

**Tyler C. Huskey, Esq.**
**2540 Sand Pike Blvd., Ste. 2**
**Pigeon Forge, TN  37863**

## RETURN

I received this summons on the _16_ day of _June_ , 2021.

I hereby certify and return that on the _16_ day of _June_ , 2021,

I _Kevin Blackins_ :

[✓] served this summons and a complaint on **Five Oaks Development Group, Inc.**, in the following manner: _By delivering to a l leaving a true copy here of_ _with Tyler C Huskey, Esq , personally_

[ ] failed to serve this summons within 90 days after its issuance because: _____

_____

_Tyler C. H_____ , city_                   _Kevin Blackins_
                                            **PROCESS SERVER**
                                            _Constable_

Page **2** of 2

Case 3:21-cv-00350   Document 1-2   Filed 10/08/21   Page 13 of 48   PageID #:33

Exhibit A
Page 13

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE
# SUMMONS

**DEBRA HORTON** )
)
*Plaintiff,* )
)
**v.** )   No: 21-CV-375-II
)   **JURY DEMAND**
)
**RIPLEY ENTERTAINMENT INC.** )
**and FIVE OAKS DEVELOPMENT GROUP, INC.** )
)   JUN 17 2021
*Defendants.* )

To:   **RIPLEY ENTERTAINMENT INC.**
**c/o Registered Agent CT Corporation System**
**300 Montvue Road**
**Knoxville, TN 37919-5546**

You are hereby summoned and required to serve upon BRYCE W. MCKENZIE, Plaintiffs' attorney, whose address is 124 Court Avenue, Sevierville, Tennessee 37862, <u>phone (865) 428-8780</u>, an answer to the complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. A copy of the Answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.

Issued and tested this _15_ day of _June_, 2021.

_Rita Ellison_
**COURT CLERK**

_Dorothy Baker_
**DEPUTY CLERK**

# NOTICE

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

## SERVICE INFORMATION

**To the process server:  RIPLEY ENTERTAINMENT INC.**

may be served at:

**Registered Agent CT Corporation System
300 Montvue Road
Sevierville, TN  37864**

## RETURN

I received this summons on the _16_ day of _June_, 2021.

I hereby certify and return that on the _17_ day of _June_, 2021,

I _Keith Brackins_ :

[x] served this summons and a complaint on **RIPLEY ENTERTAINMENT INC., Registered Agent CT Corporation System**, in the following manner: _By delivering to and leaving a true copy here-of with CT Corporation Registered Agent for Ripley Entertainment. Personally_

[ ] failed to serve this summons within 90 days after its issuance because: _____

_____

_Keith Brackins_
**PROCESS SERVER** _Constable_

## IN THE CIRCUIT COURT FOR SEVIER COUNTY TENNESSEE

DEBRA HORTON,                              )
                                          )
    Plaintiff,                     )
                                          )
v.                                        )
                                          )     Case No. 21-CV-375-II
RIPLEY ENTERTAINMENT, INC. and FIVE       )
OAKS DEVELOPMENT GROUP, INC.,             )
                                          )
    Defendant.                     )

### NOTICE OF APPEARANCE OF COUNSEL

The law firm of Egerton, McAfee, Armistead & Davis, P.C., by and through the undersigned counsel, Reuben N. Pelot, IV, hereby enters the appearance of Egerton, McAfee, Armistead & Davis, P.C. on behalf of Defendant Five Oaks Development Group, Inc. and hereby requests that all pleadings and notices concerning this cause be mailed to Reuben N. Pelot, IV, at the address set forth herein.

This notice is intended solely for the limited purpose of giving notice to the Court, the Clerk, and the parties that the undersigned is appearing as counsel of record. All rights or defenses the aforementioned Defendant may be entitled to assert in this cause are hereby specifically reserved.

**RESPECTFULLY SUBMITTED** this 21st day of June, 2021.

                    **FIVE OAKS DEVELOPMENT GROUP, INC.**

                    By: _____
                    **REUBEN N. PELOT, IV, ESQ., BPR#014986**
                    EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
                    P.O. Box 2047
                    Knoxville, TN 37901
                    (865) 546-0500
                    *Attorney for Defendant Five Oaks Dev. Group, Inc.*

6776-207
1984368v1    Case 3:21-cv-00350    Document 1-2    Filed 10/08/21    Page 16 of 48    PageID #:24
                                                               Exhibit A
                                                               Page 16

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of this Notice of Appearance of Counsel has been served upon counsel for all parties at interest in this case by delivering a true and exact copy of said Notice to the offices of said counsel or by placing a true and exact copy of said Notice in the United States Mail, addressed to:

**Bryce W. McKenzie, Esq.**
**Delius & McKenzie, PLLC**
**124 Court Avenue, 2nd Floor**
**Sevierville, TN 37862**

**Ripley Entertainment Inc.**
**c/o Shana Golden via email golden@ripley.com**
**and**
**c/o CT Corporation System, Registered Agent**
**300 Montvue Road**
**Knoxville, TN 37919-5546**

with sufficient postage thereupon to carry the same to its destination.

THIS 21st day of June, 2021.

EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.

By: _____
Reuben N. Pelot, IV

# EGERTON McAFEE

### Egerton McAfee Armistead & Davis, P.C.

#### ATTORNEYS AT LAW
##### CLIENT DRIVEN SINCE 1932

Lewis C. Foster, Jr.
Rockforde D. King
Jonathan D. Reed[1]
Ronald T. Hill
Keith H. Burroughs
Reuben N. Pelot, IV
Norman G. Templeton
Cheryl G. Rice[2,3]
James M. Cornelius, Jr.
Tracy G. Edmundson[1]
R. Christopher Trump
Nicholas J. Chase
P. Newman Bankston
John L. Wood
Melissa B. Carrasco

All Attorneys Licensed in Tennessee
Additional Bar Memberships:
[1]GA; [2]DC; [3]VA; [4]KY; [5]MD; [6]FL; [7]NM

Bradley C. Sagraves
William H. Kittrell[4]
Allison S. Jackson
Jeremy D. Miller
Rameen J. Nasrollahi
Samuel C. Louderback
Soojin Kim[5]
Penny A. Arning
Kaitlyn A. Sell

Of Counsel:
Dan W. Holbrook[6]
Kelly S. Street[4,7]

Inactive:
Stephen A. McSween

*Sender's E-mail: rpelot@emlaw.com*
June 21, 2021

**VIA U.S. MAIL**

Ms. Rita Ellison, Clerk
Sevier County Circuit Court
125 Court Avenue, Suite 204E
Sevierville, TN 37862

> **Re:** **Debra Horton v. Ripley Entertainment, Inc. and Five Oaks Dev. Group, Inc.**
> **Sevier County Circuit Court; Docket No. 21-CV-375-II**

Dear Ms. Ellison:

Please find enclosed a Notice of Appearance of Counsel which we would appreciate your filing with the records of the court in the above-referenced matter. In addition, I am enclosing an extra copy of the Notice and would appreciate your stamping it as "Filed" and returning it to me in the envelope being provided for your convenience.

Should you have any questions regarding this, please contact either me or my legal assistant, Liz D. Johnson. As always, your professional assistance is greatly appreciated.

Sincerely,

EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.

By: _____
Reuben N. Pelot, IV, Esq.

RNP\ldj
Enclosures
cc:  Bryce W. McKenzie, Esq. (Via U.S. Mail w/encl.)
Ripley Entertainment Inc. (Via U.S. Mail w/encl.)
Ms. Jennifer Bales (Via Email w/encl.)
Ms. Michelle Marquand (Via Email w/encl.)

900 South Gay Street, 14th Floor, Riverview Tower, Knoxville, TN 37902
P.O. Box 2047, Knoxville, TN 37901-2047 • Tel: (865) 546-0500 • Fax: (865) 525-5293 • emlaw.com
6776-207
1984294v1

Case 3:21-bk-00350 Doc 1198-2 Filed 05/03/21 Page 18 of 48 PageID #: 26
Exhibit A
Page 18

## IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

| | |
|---|---|
| DEBRA HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | )   **Docket No. 21-CV-375-II** |
| v. | )   **JURY DEMAND (12)** |
| | ) |
| RIPLEY ENTERTAINMENT INC. | ) |
| and FIVE OAKS DEVELOPMENT | ) |
| GROUP, INC. | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF APPEARANCE

Comes B. Hart Knight, Elizabeth W. Moreton and the law firm Butler Snow LLP and gives notice of their appearance as counsel for Ripley Entertainment Inc.

Respectfully submitted,

*Elizabeth Moreton*

B. Hart Knight, # 25508
Elizabeth W. Moreton, # 036558
BUTLER SNOW LLP
150 Third Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6784
elizabeth.moreton@butlersnow.com
hart.knight@butlersnow.com

*Attorneys for Ripley Entertainment Inc.*

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing Notice of Appearance has been served by electronic mail through the Court's electronic filing system on the following counsel:

Debra Horton
Delius & McKenzie, PLLC
124 Court Avenue, 2nd Floor
Sevierville, TN 37862

*Attorneys for Plaintiff*

Reuben N. Pelot, IV
Egerton McAfee
900 S. Gay St., 14th Fl.
Knoxville, TN 37902

*Attorneys for Defendant Five Oaks Development Group, Inc.*

On this 16th day of July, 2021.

_____
          Elizabeth W. Moreton

60199670.v1

2

Case 3:21-cv-00350    Document 1-2    Filed 10/08/21    Page 20 of 48    PageID #: 28
    Exhibit A
    Page 20

Please find attached for filing in Docket No. 21-CV-375-II the Answer of Ripley Entertainment Inc. to Plaintiff's Complaint.


**Carlinda Booher**
*Legal Administrative Assistant*
<u>Butler Snow LLP</u>

D: (615) 651-6789 | F: (615) 651-6701
150 3rd Avenue South, Suite 1600, Nashville, TN 37201



TENNESSEE COURTS
UNIFORM FACSIMILE FILING COVER SHEET

TO (COURT CLERK): Sevier County Circuit Court Clerk

CLERK'S FAX NUMBER: 865-774-9792

CASE NAME: Debra Horton vs. Ripley Entertainment Inc. and Five Oaks Development Group, Inc.

DOCKET NUMBER: **21-CV-375-II**

TITLE OF DOCUMENT: **Answer of Ripley Entertainment Inc. to Plaintiff's Complaint**

FROM (SENDER): Elizabeth Moreton

SENDER'S ADDRESS: 150 Third Avenue S., Suite 1600

                                Nashville, TN 37201

SENDER'S VOICE TELEPHONE NUMBER: 615-651-6643

SENDER'S FAX TELEPHONE NUMBER: 615-651-6701

DATE: 7/16/2021  TOTAL PAGES, INCLUDING COVER PAGE: 8

FILING INSTRUCTIONS/COMMENTS (attach additional sheet if necessary):

> **Please return a stamp filed copy of the first page either via email to
> carlinda.booher@butlersnow.com or via fax to the attention of Carlinda Booher at
> 615-651-6701. Thank you.**

Unless authorized by the Court, a facsimile transmission exceeding fifty (50) pages,
including the cover page, shall not be filed by the clerk.

## IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

| | |
|---|---|
| DEBRA HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RIPLEY ENTERTAINMENT INC. | ) |
| and FIVE OAKS DEVELOPMENT | ) |
| GROUP, INC. | ) |
| | ) |
| Defendants. | ) |

SCANNED

Docket No. 21-CV-375-II
JURY DEMAND (12)

2021 JUL 16 PM 3: 59

### ANSWER OF RIPLEY ENTERTAINMENT INC. TO PLAINTIFF'S COMPLAINT

Ripley Entertainment Inc. ("Ripley"), by and through counsel, hereby answers Plaintiff's Complaint, paragraph by paragraph as follows:

### PARTIES

1. Denied.

2. Denied.

3. Upon information and belief, admitted.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Ripley states that it is a Delaware corporation with its principal place of business in Orlando, Florida. Ripley further states that it owns and operates the subject miniature golf course and may be served with process on its registered agent, CT Corporation. Ripley lacks knowledge or information sufficient to admit or deny any remaining allegations contained in Paragraph 4 of the Complaint that are inconsistent with the foregoing.

5. Upon information and belief, Ripley admits that Five Oaks Development Group, Inc. ("Five Oaks") is a Tennessee corporation, and further admits that Five Oaks owns and leases the property upon which Ripley constructed the subject miniature golf course. Ripley lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 5 of the Complaint.

6.      To the extent the allegations contained in Paragraph 6 of the Complaint are directed to a defendant other than Ripley, no response is required.  To the extent a response is deemed required, Ripley denies the allegations.  To the extent the allegations contained in Paragraph 6 of the Complaint are directed to Ripley, Ripley admits the allegations.

7.      The allegations contained in Paragraph 7 of the Complaint call for a legal conclusion, to which no response is required.  To the extent a response is deemed required, Ripley denies that it breached any duty it may have owed to Plaintiff.

## JURISDICTION AND VENUE

8.      Denied.

9.      Denied.

## FACTS

10.     Upon information and belief, admitted.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

2

19.   Ripley lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint.

20.   Denied.

21.   Denied.

22.   Denied.

## COUNT I - NEGLIGENCE

23.   Ripley hereby adopts its responses to paragraphs 1-22 as stated above.

24.   Denied.

     a.   Denied.

     b.   Denied.

     c.   Denied.

     d.   Denied.

     e.   Denied.

     f.   Denied.

     g.   Denied.

25.   Denied.

## COUNT II – NEGLIGENCE *PER SE*

26.   Ripley hereby adopts its responses to paragraphs 1-25 as stated above.

27.   Denied.

## DAMAGES

28.   Denied.

29.   Denied.

Ripley denies the allegations contained in the unnumbered paragraph following Paragraph 29 of the Complaint beginning "WHEREFORE, Plaintiffs pray," including subparagraphs 1 through 3, and denies that Plaintiff is entitled to any relief whatsoever from Ripley, including the specific relief requested in this Paragraph and subparagraphs 1 through 3.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim in whole or in part upon which relief may be granted against Ripley.

### SECOND AFFIRMATIVE DEFENSE

Ripley was not negligent in any way; therefore, neither Plaintiff nor any other individual or entity may recover from it.

### THIRD AFFIRMATIVE DEFENSE

Ripley adopts by reference any defense raised by defendant Five Oaks.

### FOURTH AFFIRMATIVE DEFENSE

Ripley affirmatively alleges that Plaintiff was negligent for her failure to pay proper attention to her walking path, for failing to observe an open and obvious condition, for failing to be alert and aware of her surroundings, for failing to proceed with caution, and/or for any other negligence on the part of Plaintiff. Ripley avers that Plaintiff's own negligence was the sole and proximate cause of her alleged injuries and/or damages, if any. Ripley is therefore not liable to Plaintiff.

4

## FIFTH AFFIRMATIVE DEFENSE

Ripley asserts the affirmative defense of comparative fault against Plaintiff. Any award against Ripley should be reduced by the amount of fault apportioned to Plaintiff, and if Plaintiff's apportionment is equal to or greater than 50 percent, Plaintiff's claims should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

To the extent the absence of a handrail caused or contributed to the incident complained of—an allegation which Ripley expressly denies—Ripley asserts that it built and maintained the subject premises in compliance with all applicable codes, ordinances, and laws.

## SEVENTH AFFIRMATIVE DEFENSE

Ripley reserves the right to rely on the doctrine of comparative fault should future discovery proceedings reveal that the negligence of any other party or non-party caused or contributed to Plaintiff's alleged injuries and damages. Ripley reserves the right to amend its Answer and assert additional affirmative defenses should discovery warrant such amendments.

## EIGHTH AFFIRMATIVE DEFENSE

Ripley pleads the affirmative defense of assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Ripley affirmatively pleads that it maintained the subject premises in a reasonably safe condition.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained any injuries or damages, such results were proximately caused by separate, unforeseeable, independent, intervening, or superseding events, factors, occurrences, or conditions, and/or were caused, produced, or brought about by reason of the acts, faults, or

5

omissions of individuals, persons, or entities other than Ripley, none of which were in any way caused by Ripley.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, estoppel, and/or judicial estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages may be the result of pre-existing illnesses, injuries, and/or conditions for which Ripley is not liable.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for noneconomic damages is limited by Tenn. Code Ann. § 29-39-102.

### FOURTEENTH AFFIRMATIVE DEFENSE

Ripley is entitled to a reduction, or set off, as to its liability, if any, for any amount paid or payable to the plaintiff under any workers' compensation law, disability benefit law or any similar law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Ripley reserves its right to continue investigation in this matter, including the use of discovery as allowed by the applicable rules of civil procedure, in order to determine whether Ripley is availed of any other affirmative defense, including asserting fault on any other party or non-party. This Affirmative Defense will be amended in accordance with the applicable rules of civil procedure.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Ripley Entertainment Inc. prays as follows:

> (a)   that this action be dismissed as to Ripley and the costs taxed to the Plaintiff;

6

(b)    that Ripley have such other and further general relief to which it may be

entitled; and

(c)    that this action be tried by a jury of twelve (12) persons.

Respectfully submitted,

*Elizabeth Moreton*

B. Hart Knight, # 25508
Elizabeth W. Moreton, # 036558
BUTLER SNOW LLP
150 Third Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6784
elizabeth.moreton@butlersnow.com
hart.knight@butlersnow.com

*Attorneys for Ripley Entertainment Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer has been served by electronic mail through the Court's electronic filing system on the following counsel:

Debra Horton
Delius & McKenzie, PLLC
124 Court Avenue, 2nd Floor
Sevierville, TN 37862

*Attorneys for Plaintiff*

Reuben N. Pelot, IV
Egerton McAfee
900 S. Gay St., 14th Fl.
Knoxville, TN 37902

*Attorneys for Five Oaks Development Group, Inc.*

On this 16th day of July, 2021.

*Elizabeth Moreton*

Elizabeth W. Moreton

7

Please find attached for filing in docket NO. 21-CV-375-II a Notice of Appearance.


**Carlinda Booher**
*Legal Administrative Assistant*
<u>Butler Snow LLP</u>

D: (615) 651-6789 | F: (615) 651-6701
150 3rd Avenue South, Suite 1600, Nashville, TN 37201



TENNESSEE COURTS
UNIFORM FACSIMILE FILING COVER SHEET

TO (COURT CLERK): Sevier County Circuit Court Clerk

CLERK'S FAX NUMBER: 865-774-9792

CASE NAME: Debra Horton vs. Ripley Entertainment Inc. and Five Oaks Development Group, Inc.

DOCKET NUMBER: 21-CV-375-II

TITLE OF DOCUMENT: Notice of Appearance

FROM (SENDER): Elizabeth Moreton

SENDER'S ADDRESS: 150 Third Avenue S., Suite 1600

Nashville, TN 37201

SENDER'S VOICE TELEPHONE NUMBER: 615-651-6643

SENDER'S FAX TELEPHONE NUMBER: 615-651-6701

DATE: 7/16/2021  TOTAL PAGES, INCLUDING COVER PAGE: 3

FILING INSTRUCTIONS/COMMENTS (attach additional sheet if necessary):

**Please return a stamp filed copy of the first page either via email to carlinda.booher@butlersnow.com or via fax to the attention of Carlinda Booher at 615-651-6701. Thank you.**

Unless authorized by the Court, a facsimile transmission exceeding fifty (50) pages, including the cover page, shall not be filed by the clerk.

# Send Result Report

MFP
TASKalfa 3010i

Firmware Version 2NL_2000.006.109 2018.06.27
07/19/2021 08:12
[2NL_1000.004.001] [2NL_1100.001.003] [2NP_7000.006.104]



Job No.: 100900          Total Time: 0°01'22"          Page: 004

# Complete

Document:          doc100900020210719081054

---



Child Support Division 865.420.5270
Criminal Division 865.774.3731
Criminal Fax 865.774.3620
Civil Division 865.453.5636
Civil Fax 865.774.8787

Email:rellison@sevircountytn.org
Circuit Court - 125 Court Avenue
Room 204 E - Courthouse
Sevierville, TN 37862

## Sevier County
T E N N E S S E E

### Rita D. Ellison
Circuit Court Clerk

## FAX COVER SHEET

| TO: Carlinda Baker | FROM: Dorothy Baker |
|---|---|
| AGENCY/COMPANY: Butler Snow LLP | DATE: 07-19-2021 |
| FAX NUMBER: 615-651-6701 | TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: 4 |
| PHONE NUMBER: 615-651-6643 | SENDER'S PHONE NUMBER: 865-453-5536 |
| SUBJECT: Stamp file Copy of fax filing w/cost Bill | SENDER'S FAX NUMBER: 865-774-9792 |

MESSAGE:

This transmission is intended only for the use of the addressee named above and it may contain privileged and confidential information. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error should notify us immediately by telephone and return the original message to us by mail.

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|---|---|---|---|---|---|---|
| 001 | 07/19/21 08:11 | 16156516643 | 0°01'22" | FAX | OK | 200x100 Normal/On |

---

1

Child Support Division 865.429.5270
Criminal Division 865.774.3731
Criminal Fax 865.774.3620
Civil Division 865.453.5536
Civil Fax 865.774.9792

*Sevier* County
T E N N E S S E E

Email:rellison@seviercountytn.org
Circuit Court - 125 Court Avenue
Room 204 E - Courthouse
Sevierville, TN 37862

# Rita D. Ellison
## Circuit Court Clerk

## FAX COVER SHEET

| TO: Carlinda Booker | FROM: Dorothy Baker |
|---|---|
| AGENCY/COMPANY: Butler Snow LLP | DATE: 07-19-2021 |
| FAX NUMBER: 615-651-6701 | TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: 4 |
| PHONE NUMBER: 615-651-6643 | SENDER'S PHONE NUMBER: 865-453-5536 |
| SUBJECT: Stamp file Copy of fax filing w/ Cost Bill | SENDER'S FAX NUMBER: 865-774-9792 |

MESSAGE:

This transmission is intended only for the use of the addressee named above as it may contain privileged and confidential information. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disseminating, distribution or copying of this communication is strictly prohibited. Anyone who receives this transmission in error should notify us immediately by telephone and return the original message to us by mail.

Rita Ellison, Circuit Court Clerk
Sevier County Circuit Court
125 Court Avenue
Suite 207 East
Sevierville, TN 37862
(865) 453-5536
**Cost Bills**

7/19/2021

Ripley Entertainment Inc

In the case of:     Debra Horton vs Ripley Entertainment Inc (et. al)
Case Number:     78CC1-2021-CV-375

| Fee | # of Fees | Due Date | Last Paid Date | Fee Amount | Total Assessed | Total Paid | Total Due |
|---|---|---|---|---|---|---|---|
| Fax Filing Fee | 1 | | | $8.00 | $8.00 | $0.00 | $8.00 |
| Fax Filing Fee | 1 | | | $13.00 | $13.00 | $0.00 | $13.00 |
| | | | | Totals: | $21.00 | $0.00 | $21.00 |

Sworn to before me the 19th July, 2021.

_____ , Clerk

_____ , D.C.

# IN THE CIRCUIT COURT FOR SEVIER COUNTY TENNESSEE

DEBRA HORTON,                              )
        Plaintiff,                         )
                                           )
v.                                          )
                                           )    Case No.  21-CV-375-II
RIPLEY ENTERTAINMENT, INC. and              )
FIVE OAKS DEVELOPMENT GROUP, INC.,          )
                                           )
        Defendant.                         )

## ANSWER OF FIVE OAKS DEVELOPMENT GROUP, INC.

Comes now Defendant Five Oaks Development Group, Inc. ("This Defendant"), by and through counsel, and for answer to the Complaint filed against it responds as follows:

1.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies same.

2.      The allegations of Paragraph 2 of the Complaint are denied to the extent the allegations are directed at This Defendant.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint with respect to the other Defendant and, therefore, denies same.

3.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.      In response to the allegations in Paragraph 4 of the Complaint, This Defendant admits upon information and belief that Defendant Ripley Entertainment, Inc. ("Ripley") owns and operates Ripley's Old MacDonald's Farm Mini Golf.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint.

6776-00
652354v1
1987756v1
Case 3:21-cv-00350   Document 1-2   Filed 10/08/21   Page 35 of 48   PageID #: 43
Exhibit A
Page 35

5.      The allegations in the first and third sentences of Paragraph 5 of the Complaint are denied.  The allegations in the second sentence of Paragraph 5 of the Complaint are admitted.

6.      The allegations of Paragraph 6 of the Complaint are denied to the extent the allegations are directed at This Defendant.  This Defendant admits upon information and belief the allegations of Paragraph 6 of the Complaint to the extent the allegations are directed at Ripley.

7.      The allegations of Paragraph 7 of the Complaint are denied to the extent the allegations are directed at This Defendant.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.  This Defendant affirmatively avers that it owed no duty to Plaintiff.

8.      To the extent the allegations in Paragraph 8 of the Complaint assert an improper legal conclusion, no response is required from This Defendant.   In response to the remaining allegations in Paragraph 8 of the Complaint, This Defendant admits upon information and belief that venue would be proper in this Court based on the facts alleged in the Complaint.

9.      To the extent the allegations in Paragraph 9 of the Complaint assert an improper legal conclusion, no response is required from This Defendant, although This Defendant admits upon information and belief that it is likely subject to personal jurisdiction in this Court.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint to the extent the allegations are directed at Ripley.

10.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies same.

11.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies same.

12.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies same.

13.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies same.

14.     The allegations of Paragraph 14 of the Complaint are denied to the extent the allegations are directed at This Defendant because This Defendant had no duty with respect to the conduct alleged in Paragraph 14 of the Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.

15.     The allegations of Paragraph 15 of the Complaint are denied to the extent the allegations are directed at This Defendant because This Defendant had no duty with respect to the conduct alleged in Paragraph 15 of the Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.

16.     The allegations of Paragraph 16 of the Complaint are denied to the extent the allegations are directed at This Defendant because This Defendant had no duty with respect to the conduct alleged in Paragraph 16 of the Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.

17.     The allegations of Paragraph 17 of the Complaint are denied to the extent the allegations are directed at This Defendant because This Defendant had no duty with respect to

6776-207
1987756v1

the conduct alleged in Paragraph 17 of the Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.

18.     The allegations of Paragraph 18 of the Complaint are denied to the extent the allegations are directed at This Defendant because This Defendant had no duty with respect to the conduct alleged in Paragraph 18 of the Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.

19.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies same.

20.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies same.

21.     The allegations of Paragraph 21 of the Complaint are denied to the extent the allegations are directed at This Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint to the extent they are directed at Ripley and, therefore, denies same. This Defendant denies that it was negligent and denies that it acted or failed to act in any way that caused Plaintiff to fall or suffer injury.

22.     The allegations of Paragraph 22 of the Complaint are denied to the extent the allegations are directed at This Defendant because This Defendant had no duty with respect to the conduct alleged in Paragraph 22 of the Complaint. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.

6776-207
1987756v1

23.     In response to Paragraph 23 of the Complaint, This Defendant restates and incorporates herein Paragraphs 1 through 22 of this Answer as if fully set forth herein.

24.     The allegations in Paragraph 24 of the Complaint and all of its subparts are denied to the extent the allegations are directed at This Defendant.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.  This Defendant denies that it was negligent and denies that it acted or failed to act in any way that caused Plaintiff to fall or suffer injury.  This Defendant further affirmatively avers that it owed no duty to Plaintiff that it breached.

25.     The allegations in Paragraph 25 of the Complaint are denied to the extent the allegations are directed at This Defendant.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.  This Defendant denies that it was negligent and denies that it acted or failed to act in any way that either directly or proximately caused Plaintiff to fall or suffer injury.  This Defendant further affirmatively avers that it owed no duty to Plaintiff that it breached.

26.     In response to Paragraph 26 of the Complaint, This Defendant restates and incorporates herein Paragraphs 1 through 25 of this Answer as if fully set forth herein.

27.     The allegations in Paragraph 27 of the Complaint are denied to the extent the allegations are directed at This Defendant.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint to the extent they are directed at Ripley and, therefore, denies same.  This Defendant denies that it was negligent and denies that it acted or failed to act in any way that caused

6776-207
1987756v1

6

Plaintiff to fall or suffer injury. This Defendant further affirmatively avers that it owed no duty to Plaintiff that it breached.

28. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint with respect to any injuries or damages Plaintiff may have incurred and, therefore, denies same. The remaining allegations in Paragraph 28 of the Complaint are denied to the extent the allegations are directed at This Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint to the extent they are directed at Ripley and, therefore, denies same. This Defendant denies that it was negligent and denies that it acted or failed to act in any way that caused Plaintiff to fall or suffer injury. This Defendant further affirmatively avers that it owed no duty to Plaintiff that it breached.

29. In response to the allegations in Paragraph 29 of the Complaint, This Defendant denies that the Plaintiff is entitled to recover any damages from This Defendant.

30. This Defendant denies that the Plaintiff is entitled to the relief prayed for in her Complaint from This Defendant.

31. All allegations and averments in the Complaint not heretofore admitted, controverted, explained, or otherwise denied are hereby denied in their entirety.

32. This Defendant affirmatively asserts that the Complaint fails to state a claim for which relief could be granted against This Defendant.

33. This Defendant avers that it did not engage in any negligence which caused or contributed to the injuries or damages alleged in the Complaint.

34. This Defendant denies that it is liable for any act of omission or commission which directly or proximately caused or contributed to the injuries or damages alleged in the Complaint.

6

35.     This Defendant avers that Plaintiffs' claims are barred by the doctrine of comparative fault as it is applied in Tennessee and that the negligence of Plaintiff was such as to bar any recovery by Plaintiff.  Specifically, it is averred upon information and belief that, to the extent Plaintiff avers a long standing and open condition, then Plaintiff was negligent in failing to see what was present to be seen, failing to care for her own safety, and failing to keep a proper lookout and observe the patent conditions present to be seen.  Consequently, This Defendant avers that Plaintiff's claims are barred due to Plaintiff's fault being at or greater than 50 percent of the proximate cause and cause in fact of the accident alleged in the Complaint.

36.     Alternatively, This Defendant avers, upon information and belief, that any recovery by Plaintiff to which she might otherwise be found entitled, if any, should be reduced and apportioned in accordance with the percentage of fault attributable to Plaintiff's own fault and negligence plus the fault and negligence of other parties or non-parties, to the extent it may be found to be warranted by investigation and discovery in this case, and that any recovery by Plaintiff be thereby either reduced or barred accordingly based on the facts to be ultimately found in this case.

37.     This Defendant affirmatively avers that owed no duty to Plaintiff and that it exercised due care and was reasonably diligent with respect to any and all duties it otherwise may have owed, and that This Defendant was not aware, nor should it have been aware, of any defective or dangerous condition as alleged in the Complaint.

38.     This Defendant affirmatively avers that it did not create any potentially unsafe or dangerous condition as alleged in the Complaint.

39.     This Defendant affirmatively avers that, as described in the Complaint by Plaintiff, the conditions present to be seen by Plaintiff were open and obvious to her.

6776-207
1987756v1

40. This Defendant further reserves the right to assert the affirmative defense of failure to mitigate damages to the extent it may be found to be warranted by investigation and discovery in this case.

41. This Defendant further relies upon the defenses, limitations, and monetary caps as provided in Tennessee's Civil Justice Act of 2011, Tenn. Code Ann § 29-39-101, *et. seq.*

42. This Defendant also reserves the right to amend its Answer to plead additional facts and/or defenses as may be supported by facts revealed by further investigation and discovery, including but not limited to, intervening and superseding causes, acts of third parties, and pre-existing conditions.

**WHEREFORE,** having fully answered the Complaint filed against it, This Defendant prays that the Complaint against it be dismissed in its entirety with prejudice and on the merits and that the costs of this cause be taxed against the Plaintiff or other remaining parties in this case. This Defendant further requests such additional general relief to which it may be entitled under the circumstances and demands a jury be empaneled to try all issues triable by a jury.

**RESPECTFULLY SUBMITTED** this 16th day of August, 2021.

FIVE OAKS DEVELOPMENT GROUP, INC.

By: _____

**REUBEN N. PELOT, IV, ESQ., BPR#014986**
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
P.O. Box 2047
Knoxville, TN 37901
*Attorney for Defendant Five Oaks Development Group, Inc.*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2021, I did cause a true copy of the foregoing document with attachments to be transmitted as indicated below to be served upon the parties in this cause by delivering the same by and through its counsel of record as indicated below:

| | | |
|---|---|---|
| _____ | Hand delivery | **Bryce W. McKenzie, Esq.** |
| X | First Class U.S. Mail | **Delius & McKenzie, PLLC** |
| _____ | Telephone Facsimile | **124 Court Avenue, 2nd Floor** |
| _____ | E-mail | **Sevierville, TN 37862** |

| | | |
|---|---|---|
| _____ | Hand delivery | **B. Hart Knight, Esq.** |
| X | First Class U.S. Mail | **Elizabeth W. Moreton, Esq.** |
| _____ | Telephone Facsimile | **Butler Snow LLP** |
| X | E-mail | **150 Third Ave. South, Suite 1600** |
| | | **Nashville, TN 37201** |

EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.

By: _____

Reuben N. Pelot, IV

6776-207
1987756v1

# EGERTON McAFEE

Lewis C. Foster, Jr.
Rockforde D. King
Jonathan D. Reed[1]
Ronald T. Hill
Keith H. Burroughs
Reuben N. Pelot, IV
Norman G. Templeton
Cheryl G. Rice[2,3]
James M. Cornelius, Jr.
Tracy G. Edmundson[1]
R. Christopher Trump
Nicholas J. Chase
P. Newman Bankston
John L. Wood
Melissa B. Carrasco

### Egerton McAfee Armistead & Davis, P.C.

ATTORNEYS AT LAW

**CLIENT DRIVEN SINCE 1932**

All Attorneys Licensed in Tennessee
Additional Bar Memberships:
[1]GA; [2]DC; [3]VA; [4]KY; [5]MD; [6]FL; [7]NM

Bradley C. Sagraves
William H. Kittrell[1]
Allison S. Jackson
Jeremy D. Miller
Rameen J. Nasrollahi
Samuel C. Louderback
Soojin Kim[5]
Penny A. Arning
Kaitlyn A. Sell

Of Counsel:
Dan W. Holbrook[6]
Kelly S. Street[4,7]

Inactive:
Stephen A. McSween

*Sender's E-mail: rpelot@emlaw.com*
August 16, 2021

**VIA U.S. MAIL**

Ms. Rita Ellison, Clerk
Sevier County Circuit Court
125 Court Avenue, Suite 204E
Sevierville, TN 37862

Re:   **Debra Horton v. Ripley Entertainment, Inc. and Five Oaks Development Group, Inc.**
      **Sevier County Circuit Court; Docket No. 21-CV-375-II**

Dear Ms. Ellison:

On behalf of my client, Defendant Five Oaks Development Group, Inc., please find enclosed the Answer of Five Oaks Development Group, Inc. which we would appreciate your filing with the records of the court in the above-referenced matter. In addition, I am enclosing an extra copy of the Answer and would appreciate your stamping it as "Filed" and returning it to me in the envelope being provided for your convenience.

Should you have any questions regarding this, please contact either me or my legal assistant, Liz D. Johnson. As always, your time and assistance is greatly appreciated.

Sincerely,

EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.

By: _____
     Reuben N. Pelot, IV, Esq.

RNP\ldj
Enclosures
cc:   Bryce W. McKenzie, Esq. (Via U.S. Mail w/encl.)
      Elizabeth W. Moreton, Esq. (Via Email and U.S. Mail w/encl.)
      Ms. Jennifer Bales (Via Email w/encl.)
      Ms. Michelle Marquand (Via Email w/encl.)

900 South Gay Street, 14th Floor, Riverview Tower, Knoxville, TN 37902
P.O. Box 2047, Knoxville, TN 37901-2047 / Telephone: (865) 546-0500 / Fax: (865) 525-5293 / www.emlaw.com
Case 3:21-cv-00350   Document 1-2   Filed 10/08/21   Page 44 of 48   PageID #: 52
6776-207                                                                    Exhibit A
2021663v1                                                                   Page 44

# IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

DEBRA HORTON,           )
                           )
      *Plaintiff,*        )
                           )
vs.                       )     No.: 21-CV-375-II
                           )
RIPLEY ENTERTAINMENT INC.,  )
and FIVE OAKS DEVELOPMENT   )
GROUP, INC.                )
                           )
      *Defendants.*     )

## NOTICE OF VOLUNTARY NON-SUIT

COMES NOW the Plaintiff, Debra Horton, by and through counsel, pursuant to Rule 41.01

of the *Tennessee Rules of Civil Procedure*, and hereby gives notice of a voluntary non-suit against

the Defendant, Five Oaks Development Group, Inc. This Notice ONLY applies to Defendant Five

Oaks Development Groups, Inc.

Respectfully submitted this ⟋⟍ day of September, 2021.

                                _____

                                Bryce W. McKenzie, BPR # 027415
                                *Attorney for Plaintiff*
                                DELIUS & MCKENZIE, PLLC
                                124 Court Avenue
                                Sevierville, Tennessee 37862
                                (865) 428-8780

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been

forwarded via regular U.S. Mail, postage prepaid, to:

B. Hart Knight, Esq.
Elizabeth W. Moreton, Esq.
BUTLER SNOW LLP
150 Third Avenue South, Ste. 1600
Nashville, TN  37201

Reuben N. Pelot, IV, Esq.
EGERTON MCAFEE
900 S. Gay Street, 14th Floor
Knoxville, TN  37902

This the _____ day of September, 2021.

_____
Attorney for Plaintiff

2

**IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE**

| | | |
|---|---|---|
| DEBRA HORTON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | NO.:21-CV-375-II |
| | ) | |
| RIPLEY ENTERTAINMENT INC. | ) | |
| and FIVE OAKS DEVELOPMENT | ) | |
| GROUP, INC., | ) | |
| | ) | |
| *Defendant.* | | |

## NOTICE OF SERVICE

COMES NOW the Plaintiff, by and through counsel, and hereby gives notice that Plaintiff's

Responses to the Defendant Ripley Entertainment Inc.'s First Set of Interrogatories and Requests for

Production of Documents were served upon counsel for the Defendant, Ripley Entertainment Inc.'s

on or about September 23, 2021. Plaintiff request this notice be placed in the record and filed by the

Clerk.

Respectfully submitted this 23 day of September, 2021.

BRYCE W. MCKENZIE, BPR # 027415
*Attorney for Plaintiff*
DELIUS & MCKENZIE, PLLC
124 Court Avenue
Sevierville, Tennessee 37862
(865) 428-8780

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been

forwarded via regular U.S. Mail, postage prepaid, to:

B. Hart Knight, Esq.
Elizabeth W. Moreton, Esq.
BUTLER SNOW LLP
150 Third Avenue South, Ste. 1600
Nashville, TN 37201

This the ___25___ day of September, 2021.

_____
Attorney for Plaintiff

2